JOHN M. ALLEN v. THE STATE.

Under the Statute, (Hart. Dig. Art. 454) punishing the *selling* of ardent spirits to· a slave, the defendant cannot be convicted, if it appear that he *gave* the liquor· without consideration.

*Quere,* whether proof of the delivery of ardent spirits to a slave, by a person who sells ardent spirits, is not sufficient proof to warrant the jury in finding· that the liquor was sold.

Appeal from Jasper.

*O. M. Roberts,* for appellant.

*Attorney General,* for appellee.

HEMPHILL, CH. J. The appellant was indicted under Art. 454, (Hart. Dig.) for selling liquor to a slave, and the evidence· left it doubtful whether the liquor had been sold. The witness saw no money pass, and heard nothing about money, or any thing else, as a consideration. But the defendant kept whiskey for himself, and sold some to his neighbors. The Court charged, in effect, that whether defendant gave or whether he sold the· the liquor, it was equally an offence against the law. This we deem erroneous, and a misconception of the Statute. The Act of selling to a slave is prohibited, and the words must be understood, as they always have been, in their ordinary acceptation. A sale to a slave means the same as a sale to a freeman, and is by no means identical with a gift. A consideration is essential to the one, but not to the other. But the terms sale and gift are too well understood, to require any illustration.

The jury might, from the evidence, have possibly inferred a sale. But of this we cannot be certain. Under the charge·

they must necessarily have found the defendant guilty, whether it were a sale or only a gift. Judgment reversed and cause remanded.

Reversed and remanded.